## UNITED STATES

v.

Jose L. GARCIA, 523 58 8306, Corporal (E–4), U. S. Marine Corps.

NCM 77 0590.

U. S. Navy Court of Military Review.

29 April 1977.

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel.

LTCOL P. N. Kress, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., BAUM and GLASGOW, JJ.

CEDARBURG, Chief Judge:

The bad conduct discharge in this case is not, in my view, manifestly unjust and inappropriate as opined by Judge Baum in his dissenting opinion. Appellant's case was processed and its disposition controlled by the law and policy in effect at the time of appellant's return to military control. The ALNAV policy discussed by Judge Baum does not apply to his circumstances. An unauthorized absence of nearly six years is a very serious offense under the UCMJ, adversely affecting military readiness and discipline. That fact is unaltered by an administrative policy [whether denominated as forgiveness, pardon, compassion or any other term] whose operative criteria are that the desertion or unauthorized absence occurred within a precise parameter of time and application has been made for processing after the effective date of the policy announcement by eligible members who have not received a punitive discharge by court-martial. Whether for administrative convenience in processing applicants or otherwise, motivation for the absence has not been made a relevant factor in determining applicability of the policy. The result is predictably anomalous; identical circumstances motivating a serviceman's declination to serve result in sanctions being applied in some cases but not in others. To eliminate the anomaly and treat all such cases equally would require that all unauthorized absentees, past, present and future, not be held accountable for their conduct, regardless of the motivation. Since military service in many respects is onerous and distasteful enough, even without a combat environment, adoption of that course would sound the death knell of an effective military force. The alternative to no accountability, which we follow in this case, is to apply the law in cases before us which have not been specifically precluded by executive decision from criminal prosecution pursuant to the Uniform Code of Military Justice. Appellant is not thereby unfairly punished; he merely fails to qualify for the visitation of executive grace upon his delict.

The findings and sentence as approved on review below are affirmed.

Judge GLASGOW concurs.

BAUM, Judge (dissenting):

Appellant was convicted, pursuant to his guilty pleas, of two unauthorized absences, in violation of Article 86, UCMJ, 10 U.S.C. § 886. The first absence commenced during the Vietnam conflict and continued over an extended period of time, finally terminating when appellant voluntarily returned to military jurisdiction in June 1976. The second

absence occurred almost three months later after denial of appellant's request for leave to go home to help his sick parents, while waiting for disciplinary action to commence. This absence terminated less than a month later. Accused was then confined for 82 days awaiting court-martial, which finally was held four months after appellant's return from the second unauthorized absence.

Appellant served honorably for 13 months in Vietnam earning the following medals:

National Defense Service Medal, Vietnam Service Medal with star, Vietnam Campaign Medal, Combat Action Ribbon, Republic of Vietnam Meritorious Unit Commendation Cross of Gallantry with palm and frame, Technical Service Honor Medal second class, and Rifle Marksman Badge.

He has no previous disciplinary record and was scheduled for a tour of duty in Okinawa when he decided that he had to go home and care for his parents, both of whom have heart problems. His father is 73 and bedridden and his mother is 63. Appellant worked during his absence in order to support his parents and still owes several thousand dollars for hospital bills and other medical expenses.

As his case reaches this Court appellant has an approved sentence of a bad conduct discharge, total forfeitures and reduction in rate to E–1. If appellant had continued his first absence and surrendered to military authorities this month, instead of last June, he would now be processed for an administrative discharge in lieu of disciplinary action, pursuant to the Navy's implementation of the President's program for Vietnam deserters. Such administrative discharges can be upgraded to honorable. See ALNAV 625/77. Personnel with punitive discharges imposed by courts-martial are ineligible for this program. In short, a six year absence in this case rates a court-martial and a punitive discharge while a seven year absence would call for administrative action leading to a discharge under honorable conditions. Had appellant waited to

turn in he would not now have a bad conduct discharge. I deem it manifestly unjust and inappropriate to saddle this appellant with a punitive discharge for life because he chose to turn himself in ten months before the present "spirit of forgiveness and compassion" commenced. In view of the above, I would disapprove the bad conduct discharge.